*459 MEMORANDUM *
Appellant Isaiah Williams is an inmate in state prison. .He commenced this 42 U.S.C. § 1983 action against correctional officer Debra Williams. On appeal, he argues that the district court erred in granting summary judgment in favor of the defendant on his due process claim, and that the district court abused its discretion by admitting evidence during trial regarding his alleged membership in a prison gang and one of his tattoos.
I. Alleged Due Process Violation
Appellant alleges a due process violation based on Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Wolff accorded prisoners certain limited due process rights in prison disciplinary proceedings “to insure that [a] state-created right is not arbitrarily abrogated.” Id. at 557, 94 S.Ct. 2963. The Court applied the “minimum requirements of procedural due process” because “the determination of whether [prisoner misconduct] has occurred becomes critical” when a state deducts good time credits as punishment. Id. at 558, 94 S.Ct. 2963. Under Wolff, an “inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense” so long as it is safe to do so. Id. at 566, 94 S.Ct. 2963. Appellant argues that Officer Williams violated this constitutional right by preventing him from attending his prison disciplinary hearing on September 3,2006.
The district court recognized that Appellant Williams had a right to attend the disciplinary hearing. However, the court concluded that this right was not clearly established in 2006. Thus, the court granted summary judgment on the due process claim in favor of the defendant, based on qualified immunity.
The court erred when it concluded that the right was not clearly established in 2006. The Supreme Court’s statement in 1974 that prisoners have a right- to call witnesses and present evidence at disciplinary hearings necessarily implies a right to participate in the hearing process. Here, the district court concluded that the right was' not clearly established in 2006 based on Wheeler v. Sims, 951 F.2d 796 (7th Cir. 1992), and Francis v. Coughlin, 891 F.2d 43 (2d Cir. 1989). Neither of these authorities undermines Wolff’s holding that prisoners have a right to present evidence and call witnesses at disciplinary hearings when it is safe to do so. In Wheeler, “the only due process question at issue [was] whether the Due Process Clause itself entitles an inmate to present a written statement rather than an oral statement ... at a disciplinary hearing.” 951 F.2d at 799 (emphasis in original). In Francis, the court addressed the issue of whether an inmate “had a right to be present at the testimony of his witnesses.” 891 F.2d at 48 (emphasis in original). Here, Appellant alleges that Officer Williams completely denied him the opportunity to participate in the disciplinary hearing. If proven, this conduct would be in clear violation of Wolff
Therefore, we reverse the court’s grant of summary judgment on the due process claim and remand for further proceedings. We do so even though Appellant has not yet shown if, or how, he was actually damaged by the alleged constitutional deprivation. See Carey v. Piphus, 435 U.S. 247, 266, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978) (“[T]he denial of procedural due process *460 should be actionable for nominal damages without proof of actual injury.”).
II. Trial Evidence
Appellant also argues that the district court erred when it admitted into evidence the name of a white supremacist prison gang to which he allegedly belongs, and when it admitted into evidence testimony regarding- one of his tattoos.
If a district court abuses its discretion by admitting evidence improperly, this court must determine whether or not the error was harmless. United States v. Ramirez-Robles, 386 F.3d 1234, 1244 (9th Cir. 2004). An error is harmless if it is “more probable than not that the erroneous admission of the evidence did not affect the jury’s verdict.” Id. (quoting United States v. Hill, 953 F.2d 452, 458 (9th Cir. 1991)). This court will not reverse a jury verdict absent a showing of prejudice. Monotype Corp. PLC v. Int’l Typeface Corp., 43 F.3d 443, 448 (9th Cir. 1994) (citing Larez v. City of L.A., 946 F.2d 630, 638 (9th Cir. 1991)).
Assuming arguendo that the name of the gang and the testimony regarding appellant’s tattoo were erroneously admitted, it is more probable than not that the same jury verdict would have obtained; Absent the challenged evidence, the jury still would have heard that Appellant was validated as a member of a prison gang,
and that he picked a fight with a rival gang member. To the extent that the jury was swayed by reference to the name of the gang and appellant’s tattoo, it would likely still be swayed in the same manner by the evidence that Appellant belonged to an apparently violent prison gang. Thus, we affirm the judgment in favor of the defendant as to Appellant’s deliberate indifference, excessive force, and retaliation claims.
Each party shall bear its own costs.
AFFIRMED in part; REVERSED in part; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.